THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL REAGON, Relator, *v.* THOMAS SEE, as Commissioner of Public Works of the City of Yonkers, County of Westchester, New York, and Another, Respondents.

(Supreme Court, Westchester County, July, 1921.)

Mandamus — when alternative writ of, granted — civil service — exempt fireman — Civil Service Law, §§ 22, 22-a — Second Class Cities Law, § 90.

After a competitive examination relator on June 18, 1912, was duly appointed a foreman in the department of public works of the city of Yonkers, and continued in that position until

Supreme Court, July, 1921. [Vol. 116.

January 24, 1921, when he received notice from the commissioner of public works that his services would be no longer required on account of lack of funds, and he was not transferred to any other branch of service. Upon the hearing of an application for a peremptory writ of mandamus to compel his reinstatement, it was not made to appear that his name was certified for reappointment under section 22-a of the Civil Service Law, added by chapter 836 of the Laws of 1920, in effect May 19, 1920, and the fact that he is an exempt fireman was denied. *Held,* that in accordance with legislative intent the commissioner's power of appointment under section 90 of the Second Class Cities Law may well be exercised under reasonable suggestions and limitations to said section of the Civil Service Law, and to section 22 thereof, as amended by chapter 833 of the Laws of 1920, in effect May 19, 1920.

An alternative writ of mandamus will, therefore, be granted in order that it may be determined at the hearing whether relator is an exempt fireman or whether his position was dispensed with purely for questions of economy, and such other questions as on the settlement of the order to be entered hereon may be determined necessary.

Application for peremptory writ of mandamus.

George J. Schneller, for relator.

William A. Walsh, corporation counsel (Thomas A. Smith, of counsel), for respondent.

Platt, J. This is an application for a peremptory writ of mandamus requiring the respondent commissioner to reinstate petitioner as foreman in the department of public works of the city of Yonkers.

The petitioner claims he was duly appointed a foreman in said department of public works on June 18, 1912, upon competitive civil service examination and continued in that position until January 24, 1921, when he received notice from the commissioner of public works of the city that his services would be no longer required on account of lack of funds. That he is an

exempt volunteer fireman of Columbia Hook and Ladder Company No. 2 of the Yonkers volunteer fire department, having actually served as such from December 8, 1887, to June 9, 1893, when he was honorably discharged therefrom. That the budget for the city provides for eight foremen and there are only five employed, and that there are now three vacancies in such positions and that men are retained as foremen who were appointed since he was, one as late as June 2, 1919.

The commissioner denies that petitioner is an exempt volunteer fireman and alleges that Columbia Hook and Ladder Company No. 2 disposed of their apparatus and meeting place September 1, 1896, when their quarters were taken over by the paid fire department of the city. He does not specifically deny that the budget provides for eight foremen but asserts that the budget that so provided was reduced by the common council $82,465 on January 5, 1921. That this reduction necessitated the readjustment of his department and its expenditures, so that it would come within the amount allowed by the common council. To that end, in good faith and for economical reasons, he recommended that the positions of three foremen be abolished. That this recommendation was accepted and approved by the board of estimate and apportionment on January 26, 1921. That thereupon the commissioner dispensed with the services of petitioner and two other foremen in good faith and purely for economical reasons, and to carry out said reform in the city government. There are other denials in keeping with good pleading. He does not deny that another foreman appointed in 1919 was in the exercise of his judgment as commissioner retained in service though petitioner had been appointed in 1912. He claims that no one has been appointed to fill petitioner's position

and that the duties thereof are now being performed by others who have been employees of the department for a long time prior to January 1, 1921. He also claims, under section 90 of the Second Class Cities Law, that he has the power to appoint to hold office during his pleasure a deputy and such other subordinates as may be prescribed by the board of estimate and apportionment, and that pursuant to this power so vested in him by statute, he determined it was his duty in the interest of the city and for the purpose of public economy to abolish three positions of foremen, one held by the petitioner. This section 90 of the Second Class Cities Law omits the phrase that has performed such an important, if not controlling part with our courts passing upon similar questions to this, that he may " at pleasure remove."

Chapter 833 of the Laws of 1920, entitled "An Act to amend the civil service law in relation to retention in office," passed May 19, 1920, amending section 22 of said act, provides in part:

" § 22. *Power of removal limited.* Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the state of New York or in the several cities, towns or villages thereof who is an honorably discharged soldier, sailor or marine * * * or who shall have served the term required by law in the volunteer fire department of any city, town or village in the state or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to

a review by a writ of certiorari. If the position so held by any such honorably discharged soldier, sailor, marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, * * * shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation * * *."

The statute provides that it is made the duty of all persons clothed with power of appointment to make such transfer effective. Petitioner was not transferred to any other branch of service and the fact that he is an exempt fireman is denied.

Chapter 836 of the Laws of 1920, adopted May 19, 1920, the same day on which chapter 833 was passed, enacts a new section to the Civil Service Law as section 22-a, which among other things provides that whenever a position in the competitive class, the qualified grades in the civil service of this state or any civil division or city thereof is abolished or made unnecessary, the person holding such position shall be deemed to be suspended without pay. Such suspension shall be made in the inverse order of their original appointment in the service and such person so suspended shall be entitled to reinstatement in that or other corresponding or similar position if within two years thereafter there is need of his services. It shall be the duty of the department or office in which such position has existed, to furnish the names of all persons so suspended to the state civil service commission, or if the position is in the service of the city, to the municipal civil service commissioner of said city, with a statement in the case of each of the date of his original appointment in the service, the nature of his work and his compensation

20

and the cause of his suspension. It shall be the duty of the state civil service commission, or if the person or persons affected have been in the service of a city, of the municipal civil service commission of said city, forthwith to place the name of such person or persons on a list of suspended employees and for two years thereafter to certify from said list the persons thereon in the order of their original appointment for reinstatement or re-employment for the same class and grade of work at which they had been employed, before making certification from any other list.

It is not made to appear that the petitioner's name was so certified for reappointment. The commissioner's power of appointment under section 90 of the Second Class Cities Law may well be exercised under reasonable suggestions and limitations to the Civil Service Law. This was the intention of the legislature in its two enactments, just mentioned. This matter is important and the petitioner is entitled to an alternative writ of mandamus in order that it may be determined after hearing whether or not he is an exempt fireman or whether his position was dispensed with purely for questions of economy and such other questions as may be determined necessary on the settlement of an order entered hereon.

Application granted.